[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12263
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00324-JSM-TGW-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIVIANA REYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 6, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

A jury found Viviana Reyes guilty of thirteen counts of a third superseding indictment: conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) (Count 1); conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349 (Count 2); possession of 15 or more counterfeit access devices with intent to defraud in violation of 18 U.S.C. § 1029(a)(3) (Count 9); five counts of bank fraud in violation of 18 U.S.C. § 1344 (Counts 13–15, 18–19); three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts 31–33); and two counts of identity theft in violation of 18 U.S.C. § 1028(a)(7) (Counts 34–35). The District Court sentenced Reyes to concurrent prison terms of 120 months on Counts 2, 9, 13, 14, 15, 18, and 19, and sixty months on Counts 1, 34, and 35, along with a consecutive sentence of 24 months on Count 31 to run concurrently with Counts 32–33. In arriving at the total offense level under the Guidelines for Counts 1, 2, 9, 13, 14, 15, 18, 19, 34 and 35,[1] the court, over Reyes's objection, enhanced the base offense level pursuant to U.S.S.G. § 3B1.1(b) on the basis of Reye's role as a manager or supervisor of her coconspirators, Lermos-Hernandez

---

[1] In arriving at the total offense level for all counts except Counts 31–33, the District Court grouped the counts together pursuant to U.S.S.G. § 3D1.2(d), as the offense level for those counts was determined largely by the total amount of the harm or loss when considered under U.S.S.G. § 2B1.1. As for Counts 31–33, U.S.S.G. § 2B1.6 required that the court impose the term of imprisonment prescribed by statute—*i.e.*, 24 months, *see* 18 U.S.C. § 1028A(a)—as to at least one of those three counts and that the sentence be consecutive to the sentences imposed on the other counts, *see* 18 U.S.C. § 1028A(b)—*i.e.*, those grouped pursuant to § 3D1.2(d).

and Crespo-Rodriguez, among others.  In doing so, the court relied on the testimony of two of her coconspirators who, after they entered into plea agreements, testified at her trial that she instructed them as to how they were to use the counterfeit credit cards.

Reyes now appeals her sentences on all except Counts 31–33, contending that they are both procedurally and substantively unreasonable. [2]  The sentences are procedurally unreasonable, she argues, because the District Court erroneously enhanced the base offense level pursuant to U.S.S.G. § 3B1.1(b).  She contends they are substantively unreasonable because they are unreasonably disparate when compared to her coconspirators' sentences.  We consider these contentions in turn.

I.

A district court's determination of a defendant's role in an offense is a finding of fact we review for clear error.  *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*).  "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009) (quotation

---

[2]   Reses has conceded, albeit tacitly, that the sentences for Counts 31–33 are not procedurally or substantively unreasonable because 18 U.S.C. § 1028A required the court to impose 24-month terms of imprisonment for Counts 31–33, *see* 18 U.S.C. § 1028A(a)(1), with at least one of these sentences to run consecutively to her sentences for violating statutes other than § 1028A, *see id.* §§ 1028A(b)(2), (4).

omitted).  The burden of establishing the facts necessary to support a sentencing

enhancement falls on the government, which must satisfy that burden by a

preponderance of the evidence.  *United States v. Perez-Oliveros*, 479 F.3d 779, 783

(11th Cir. 2007).

Section 3B1.1(b) of the Guidelines requires the District Court to enhance a

defendant's base offense level by three levels "[i]f the defendant was a manager or

supervisor (but not an organizer or leader) and the criminal activity involved five

or more participants or was otherwise extensive."  U.S.S.G. § 3B1.1(b).  In

assessing the nature of the defendant's role, the factors the court should consider

include:

> the exercise of decision making authority, the nature of participation
> in the commission of the offense, the recruitment of accomplices, the
> claimed right to a larger share of the fruits of the crime, the degree of
> participation in planning or organizing the offense, the nature and
> scope of the illegal activity, and the degree of control and authority
> exercised over others.

*See id.* § 3B1.1, cmt. n.4.  It is not required that all of these factors be present; they

"are merely considerations for the sentencing judge."  *United States v. Martinez*,

584 F.3d 1022, 1026 (11th Cir. 2009).

We find no clear error in the District Court's finding that Reyes was a

manager or supervisor of the enterprise and, thus, that the § 3B1.1(b) enhancement

applied.  At trial, two of her coconspirators testified that she told them which items

to buy with the counterfeit credit cards, and that they delivered these items to her

4

home in exchange for cash payments of half the items' purchase prices.  One of these coconspirators further testified that Reyes supplied the organization with blank Discover cards to use to make counterfeit ones and with a machine that they used to encode blank cards with stolen numbers.  This evidence indicated that Reyes exercised decision-making authority over other participants and participated in the planning or organizing the offense.  *See* U.S.S.G. § 3B1.1, cmt. n.4; *Martinez*, 584 F.3d at 1026.  Reyes presented nothing to discredit this testimony; nor has she explained how the fact that she joined the conspiracy after it began precluded her from managing or supervising her coconspirators.  In sum, the application of the enhancement was appropriate.

## II.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).  When, as here, a sentence is not infirm due to procedural error, we determine whether the sentence is substantively unreasonable, taking into account the totality of the circumstances.  *Id.* at 51, 128 S. Ct. at 597.

The District Court was required to impose sentences that were "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), including the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the

public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2). The court was also required to consider the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines sentence range, any relevant policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparity, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). The weight given to any particular sentencing factor was committed to the court's sound discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

We find no substantive unreasonableness in the sentences at issue here. The District Court varied downward from the Guidelines sentence range. In doing so, it stated that it had considered the advisory Guidelines and the relevant § 3553(a) sentencing factors and was imposing sentences sufficient but not greater than necessary to satisfy the purposes of sentencing. We reject the argument that Reyes's sentences were disproportionate to those her coconspirators received. Reyes was not similarly situated to her coconspirators, all of whom pleaded guilty. *See United States v. Docampo*, 573 F.3d 1091, 1101 (2009). Moreover, Reyes played a larger role than they did in a conspiracy that caused over $1 million in losses and involved over 2,000 individual victims. The Guidelines called for a sentence of 151 to 188 months to run consecutively to a 24-month sentence for the counts of aggravated identify theft. Reyes received sentences below what the

6

Guideline's prescribed and well below the statutory maximum of 30 years she faced on several of the counts.  Her argument that the sentences at issue here are substantively unreasonable therefore fails.

AFFIRMED.[3]

---

[3] On receipt of our mandate, the District Court shall correct the judgment to reflect that Reyes was convicted by a jury; she did not plead guilty.